**Pedro Manuel LAMADRID-CASTILLO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71821.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2015.[*]

Filed May 20, 2015.

Christian De Olivas, De Olivas Law Firm, Riverside, CA, for Petitioner.

Lance Lomond Jolley, Esquire, Trial, OIL, Tiffany L. Walters, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Pedro Manuel Lamadrid–Castillo, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lamadrid–Castillo's motion to reopen as untimely, where he filed the motion more than 11 months after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of a final order of removal), and failed to establish materially changed country conditions to qualify for the regulatory exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii), or ineffective assistance of counsel warranting equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679–80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent Lamadrid–Castillo contends the BIA erred in declining to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to consider that claim. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011) (this court lacks jurisdiction to review the agency's sua sponte determinations).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**